**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

INGE QUIGLEY, as Personal Representative
of the Estate of Francis E. Quigley, deceased,

    Plaintiff,

v.                                              CASE NO: 8:03-cv-1349-T-26EAJ

GOVERNMENT EMPLOYEES
INSURANCE COMPANY,

    Defendant.
_____/

## **O R D E R**

Before the Court is the Motion for New Trial filed by Defendant Government Employees Insurance Company (GEICO) (Dkt. 45), Plaintiff Quigley's Response (Dkt. 54), GEICO's Renewed Motion for Judgment as a Matter of Law (Dkt. 46), and Quigley's Response. (Dkt. 55). After careful consideration of the motions, argument, and the entire record, the Court concludes that both motions should be denied.

### **Motion for New Trial**

GEICO claims prejudice with respect to Quigley's counsel's reference during closing argument to the number of years Mr. and Mrs. Quigley had been customers of GEICO and their continued payment of insurance premiums, which it asserts evoked sympathy from the jury. GEICO explains that the jury was swayed to find that GEICO acted in bad faith simply because it would seem fair to make an insurance company pay

on behalf of its insured in consideration for the insured having paid money in premiums for so many years. GEICO also complains that the verdict is contrary to the greater weight of the evidence, which is more fully argued in the Renewed Motion for Judgment as a Matter of Law.

The jurisdiction of this Court is founded on diversity jurisdiction and, therefore, issues directed to statements made in closing argument are a matter of federal, not state, procedural law.  See Allstate Ins. Co. v. James, 845 F.2d 315, 318 (11th Cir. 1988).  The standard for granting a new trial based on an improper closing argument "is whether the conduct was such as to impair gravely the calm and dispassionate consideration of the case by the jury."  Bankatlantic v. Blythe Eastman Paine Webber, Inc., 955 F.2d 1467, 1474 (11th Cir. 1992), cert. denied, 506 U.S. 1049, 113 S.Ct. 966, 122 L.Ed.2d 122 (1993).  To justify the granting of a new trial based on the verdict being contrary to the greater weight of the evidence, the evidence must "preponderate heavily against the jury's verdict."  U.S. v. Hernandez, 433 F.3d 1328, 1336 (11th Cir. 2005).  This latter basis is more stringent than any other ground for granting a new trial.[1]  Id. at 1336.

---

[1] The Court, for the reasons set forth in the section under the Renewed Motion for Judgment as a Matter of Law, finds that the verdict is not against the greater weight of the evidence and, therefore, will not grant a new trial in this case.  The Court will address the evidence under the standard for evaluating a judgment as a matter of law because the standard for a motion for new trial is less strict than a motion for judgment as a matter of law.  See George v. GTE Directories Corp., 195 F.R.D. 696, 701 (M.D. Fla. 2000).  In any event, the Court finds that under either standard, the jury verdict was not be overturned.

Quigley's counsel made the following statement in closing argument, and GEICO's counsel made the following objection:

> [Quigley's counsel] I think the evidence has clearly shown that the Quigleys purchased a policy of insurance for protection from GEICO, they paid a premium for it. They had done so for over 25 years. And you may think to yourself, well, . . . I didn't hear anybody say that the Quigleys had been insured with GEICO for over 25 years.
>
> [GIECO's counsel] Objection, Your Honor, this is beyond the scope of the evidence presented at trial.[2]

The Court inquired of Quigley's counsel whether he was going to refer to a specific piece of evidence to which he responded affirmatively.[3] Quigley's counsel then addressed the Summary Loss Report, a GEICO document, which shows the history of the Quigleys' policies.[4] The Summary Loss Report dated May 1999 contains the notations "INCEPT DT: 11 01 73" and "POL-YRS: 26"[5] which substantiate the statement that the Quigleys had paid premiums on their policies for over 25 years. Counsel then argued to the jury that "[i]t shows that they've been insured with this company for over 25 years. And when GEICO was called on to perform under the insurance policy to provide the protection that the Quigleys had paid a premium for, GEICO failed to pay the claim, failed to take

---

[2] See docket 54, Exh. A at p. 3.

[3] See docket 54, Exh. A at p. 3.

[4] See docket 54, Exh. A at p. 4 & Exh. B.

[5] See docket 54, Exh. B.

advantage of the settlement opportunity presented by Michelle Macola through her lawyer Michael Roe."[6]

There being no question that the evidence introduced at trial supports the closing argument, the only issue is whether the statements made by Quigley's counsel were so inflammatory or prejudicial that they "gravely" impaired the jury's "calm and dispassionate consideration" of the case.[7]  Quigley argues that even if an adequate objection was made to preserve this issue for consideration, the long history of the Quigleys' relationship as the insured of GEICO was not improper to argue to the jury in this bad faith case, citing State Farm v. Revuelta, 901 So.2d 377, 380 (Fla.Dist.Ct.App. 2005), and Mercury Ins. Co. of Fla. v. Moreta, 957 So.2d 1242, 1251 (Fla.Dist.Ct.App. 2007).  In Revuelta, the court held that the insureds' attorney improperly insinuated that State Farm had acted in bad faith in defending the action when the case sought uninsured motorist benefits and not damages for bad faith.  In Moreta, the court relied on Revuelta to hold that references to an insurer's attempt to shirk its contractual responsibilities to its insured are improper in a case seeking uninsured motorist benefits.  Neither case affirmatively holds that the use of such statements is condoned in bad faith cases.

---

[6] See docket 54, Exh. A at p. 4.

[7] Quigley also raises the lack of a proper contemporaneous objection, based on the insufficiency of the particular objection made.  Granted, the objection made was directed to the absence of an evidentiary basis, which turned out not to be a valid objection since the Summary Loss Report had been admitted into evidence.  For purposes of this motion, however, the Court will assume that an objection was made sufficient to bring the issue of the merits of the argument directed to the lengthy relationship between GEICO and the Quigleys to the attention of the Court.

While Quigley urges the extension of <u>Revuelta</u> and <u>Moreta</u> to support the appropriateness of commenting on the long-term relationship in a bad faith case, this Court need not rely on those opinions. The closing argument made in <u>Thundereal Corp. v. Sterling</u>, 368 So.2d 923, 929 (Fla.Dist.Ct.App. 1979), more closely resembles the instant situation in which the comments made about the insurer's duty to give the insured the benefit of the policy, were based on evidence admitted at trial and, taken in context, were not highly prejudicial. Undoubtedly, in any given bad faith case, the number of years an insured owned an automobile policy with its insurer is not a fact required to be revealed or proven. On the other hand, there is nothing inherently prejudicial or harmful to the insurer about the disclosure to the jury of the number of years, whether great or small, an insured has been paying the premiums. In this case, the Court cannot say that the fact that the Quigleys had dutifully paid their premiums for over 25 years at the time of the accident so influenced the jury to hold GEICO liable for bad faith in view of the all the other evidence adduced at trial. Having had the opportunity to hear the statements made in closing regarding the twenty-five-year history of premiums paid by the Quigleys to GEICO in the context of the entire argument,[8] this Court exercises its discretion to find that the verdict should not be disturbed.

**Renewed Motion for Judgment as a Matter of Law**

---

[8] <u>James</u>, 845 F.2d at 318.

GEICO raises essentially three grounds in support of its motion for judgment as a matter of law: (1) Quigley failed to meet her burden of proving that GEICO could have settled Michelle Macola's claim against Quigley; (2) GEICO proved that Macola was unwilling to settle the claim; and (3) Macola's settlement demand was nonspecific and incapable of being accepted as written.  Quigley sets forth in her response, and proved at trial, a chronology of events supported by the evidence, which the jury no doubt found credible and reasonable.  After reviewing the evidence in support of the verdict from the standpoint of ruling as a matter of law, the Court does not find "such overwhelming evidence in favor of the movant [GEICO] that a reasonable and fair-minded juror could not arrive at a contrary verdict."  Tooltrend, Inc. v. CMT Utensili, SRL, 198 F.3d 802, 805 (11th Cir. 1999) (stating standard for granting judgment as a matter of law after jury verdict).  This Court may not substitute its judgment for the jury's and hence finds that judgment as a matter of law for GEICO cannot be granted.

First, sufficient, competent evidence exists to prove under the totality of the circumstances[9] that GEICO acted in bad faith by failing to act fairly and honestly with Mrs. Quigley.  Recapitulating the evidence that the jury could have considered in reaching its verdict, as listed by Quigley in her response, Macola's attorney sent the 21-day demand letter to GEICO on or about October 19, 1999.  Macola's attorney had

---

[9] See Snowden ex. rel. Estate of Snowden v. Lumbermens Mut. Cas. Co., 358 F.Supp.2d 1125, 1127 (N.D. Fla.) (citing Florida law for the proposition that the offer-of-settlement requirement has been replaced by the totality-of-circumstances approach, .i.e., the "lack of a formal offer to settle does not preclude a finding of bad faith").

requested a copy of the policy soon after the May 1999 accident. The settlement demand, which GEICO's own employees believed to be an "all or nothing" offer, requested payment of the $300,000 policy limits for bodily injury and $1,377.81 of the $100,000 policy limits for property damage. GEICO had ascertained some time before the demand was made that Mr. Quigley was at fault in the accident that injured Macola. GEICO's legal home office had given the Tampa claims agent, Ms. Dale Junco, settlement authority for both the bodily injury and property damage claims as of November 3, 1999, which was before the demand was to expire on November 9, 1999.

On the last day or two before the settlement offer was to expire, GEICO delivered a check in the amount of $300,000, to Macola's attorney, which was never endorsed. Despite GEICO's argument that the demand was illusory because of various discrepancies regarding payment of the $250 deductible and the exact description, amount, and duration of the loss of use of property of Macola's as a result of the accident, the jury nevertheless could have found that GEICO's failure to meet the settlement demand as presented was evidence of bad faith. Evidence had been introduced that would support a finding that the demand was clear enough to GEICO that it had provided settlement authority for both portions of the claim before the expiration of the demand. The jury also heard Mrs. Quigley's unrebutted testimony that no one from GEICO, or anyone else, ever notified her of the settlement offer communicated by Macola's attorney, until well after its expiration date of November 9, 1999.

As Quigley reminded this Court in her Response, the Court ruled for GEICO in choosing to give a one-question verdict form as opposed to a two-question form. The second question would have inquired whether GEICO acted in bad faith by failing to notify Mrs. Quigley of the settlement demand from Macola's attorney. By including this inquiry in a single question, GEICO cannot now argue that Quigley failed to establish bad faith on the ground of failure to advise. The jury apparently analyzed the circumstances involving the written settlement demand in this case and found that GEICO did not act fairly and honestly toward Mrs. Quigley and with due regard for her interests.

Second, the evidence adduced also supports a finding that GEICO failed to meet its burden of proving that Macola was unwilling to settle her claim against Quigley. Unlike the facts of Snowden ex. rel. Estate of Snowden v. Lumbermens Mut. Cas. Co., 358 F.Supp.2d 1125 (N.D. Fla. 2003), an actual written settlement demand was made to GEICO to settle the claim involving Quigley.[10] Snowden does make it clear that Florida law places the burden on the insurer to prove the unwillingness of the victim to settle and "that there was no realistic possibility of settlement within the policy limits." Snowden, 358 F.Supp.2d at 1128 (citing Powell v. Prudential Prop. & Cas. Ins. Co., 584 So.2d 12,

---

[10] The Court is well aware of another district court reaching the conclusion that a new trial was warranted in a bad faith case. See Mendez v. Unitrin Direct Prop. & Cas. Ins. Co., No. 8:06-cv-563-T-24MAP, 2007 WL 3232247 (M.D. Fla. Oct. 31, 2007). In the present case, unlike Mendez, there was no unfairly prejudicial evidence surrounding the payment of an excess judgment or the differences between the way two different insurance companies handled claims associated with the particular accident.

14 (Fla.Dist.Ct.App. 1991)).  To that end, any questions or hesitancy about the possible outcome of a settlement should be resolved in favor of the insured.  Id.

Based on the same litany of evidence as noted above, the Court finds that the jury could have come to the conclusion that there was indeed a realistic possibility of settlement within the policy limits.[11]  Accordingly, it is therefore **ORDERED AND ADJUDGED** as follows:

(1) Defendant's Motion for New Trial (Dkt. 45) is **DENIED**.

(2) Defendant's Renewed Motion for Judgment as a Matter of Law (Dkt. 46) is **DENIED**.

(3) Plaintiff shall file her motion for attorney's fees and costs on or before January 24, 2008, with Defendant filing its response on or before February 7, 2008.

**DONE AND ORDERED** at Tampa, Florida, on January 10, 2008.

s/*Richard A. Lazzara*
**RICHARD A. LAZZARA**
**UNITED STATES DISTRICT JUDGE**

**COPIES FURNISHED TO**:
Counsel of Record

---

[11] The Court also finds the third argument regarding the lack of clarity in the written settlement demand to be unpersuasive for the reasons articulated in Quigley's Response.