UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

INGE QUIGLEY, as Personal Representative
of the Estate of Francis E. Quigley, deceased,

    Plaintiff,

v.                                            CASE NO: 8:03-cv-1349-T-26EAJ

GOVERNMENT EMPLOYEES
INSURANCE COMPANY,

    Defendant.
_____/

**O R D E R**

Before the Court is Michele Macola's Motion to Intervene for Purpose of Filing Motion to Reconsider or Amend Order Granting Plaintiff's Motion to Amend Judgment (Dkt. 61), GEICO's Response (Dkt. 73), Quigley's Response (Dkt. 75), and Michelle Macola's Motion for Reconsideration or Order on Motion to Amend/Correct Judgment (Dkt. 62), and Quigley's Response. (Dkt. 75).[1] After careful consideration of the motions and the submissions of the parties and intervenor, the Court concludes that intervention should be denied and the order should be amended to reflect the appropriate changes.

Michele Macola filed a motion for a voluntary dismissal from this action in November 2007.[2] Then Plaintiff Macola asserted that "Plaintiff Macola is willing to be

---

[1] GEICO mistakenly believed that the Court did not request a response to Macola's Motion for Reconsideration. See Endorsed Order dated Jan. 31, 2008, at docket 64.

[2] See docket 255 at 8:02-cv-1675-T-26MAP.

bound by the verdict and judgment of Plaintiff Quigley's case without being present and without participating as a party in that trial."[3]  After a jury verdict in favor of Quigley resulted in a judgment, Macola now raises concerns that the Macola's underlying state court judgments could be extinguished.  Having sought dismissal from this action, assuming her interests would be protected by Quigley, Macola must accept any consequences of that action.  In any event, Quigley has aptly asserted Macola's rights in her response.[4]

Quigley has assured that no written agreements exist with regard to satisfaction of the state court judgments or attorney's fees and costs incurred by Macola in 8:02-cv-1675-T-26MAP.[5]  Quigley's intention is to use the proceeds obtained from GEICO in this case to satisfy the state court judgments remains in place.  To date, according to Quigley, those proceeds have not been paid.  In view of circumstances now revealed to the Court, the amended order must be amended again to reflect the present status.  Accordingly, the order entered January 7, 2008, and found at docket 53 is hereby amended to delete the last sentence which provides: "The entry of this judgment satisfies the state-court judgment satisfies the state-court judgments previously rendered in favor of Michele Macola against Plaintiff."  The following sentence is deemed added in its place to the order of January 7, 2008: "The underlying state court judgments will be satisfied once GEICO

---

[3]  See docket 255, para. 3, at 8:02-cv-1675-T-26MAP.

[4]  See docket 75.

[5]  See docket 76, Affidavit of Michael Rywant.

pays Quigley the sum of $2,239,013.60 plus interest, and Quigley is obligated to use those proceeds to satisfy the underlying state court judgments."

It is **ORDERED AND ADJUDGED** as follows:

(1) Michelle Macola's Motion to Intervene for Purpose of Filing Motion to Reconsider or Amend Order Granting Plaintiff's Motion to Amend Judgment (Dkt. 61) is **DENIED**.

(2) Michelle Macola's Motion for Reconsideration or Order on Motion to Amend/Correct Judgment (Dkt. 62) is **DENIED** as moot.

(3) The Order found at docket 53 is hereby amended to delete the last sentence and to add the following sentence: "The underlying state court judgments will be satisfied once GEICO pays Quigley the sum of $2,239,013.60 plus interest, and Quigley is obligated to use those proceeds to satisfy the underlying state court judgments."

**DONE AND ORDERED** at Tampa, Florida, on February 4, 2008.

    *s/Richard A. Lazzara*
    **RICHARD A. LAZZARA**
    **UNITED STATES DISTRICT JUDGE**

<u>**COPIES FURNISHED TO**</u>:
Counsel of Record