UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

INGE QUIGLEY, as Personal Representative
of the Estate of Francis E. Quigley, deceased,

    Plaintiff,

v.                                            CASE NO: 8:03-cv-1349-T-26EAJ

GOVERNMENT EMPLOYEES
INSURANCE COMPANY,

    Defendant.
_____/

**O R D E R**

The Court has for its consideration Plaintiff's motions seeking attorney fees pursuant to section 627.428, Florida Statutes, in connection with her successful appellate efforts to overturn a summary judgment[1] and in connection with her successful efforts at trial in obtaining a substantial jury verdict.[2] Defendant has filed its opposition to those motions,[3] as well as a notice of appeal.[4]

---

[1] See dockets 48 and 58.

[2] See docket 67.

[3] See dockets 78 and 79.

[4] See docket 81.

Although Defendant's filing of a notice of appeal does not deprive this Court of jurisdiction to resolve Plaintiff's motions for attorneys' fees,[5] the Court is of the opinion that Plaintiff's fee requests should be delayed for resolution after the appeal on the merits for the following two reasons. First, in the event Plaintiff does not prevail on appeal, she would not be entitled to fees under the statute. See Dadeland Depot, Inc. v. St. Paul Fire and Marine Ins. Co., 483 F.3d 1262, 1280 (11th Cir. 2007) (recognizing that entitlement to fees as a prevailing party under section 627.428 requires that individual ultimately prevail). In that event, the Court would have wasted judicial resources in resolving the pending motions. Second, in the event Plaintiff does prevail on appeal, the Court is confident she will file another round of motions requesting fees incurred on appeal. In that event, judicial economy would best be served by resolving all of the fee requests at one time. Consequently, the Court will deny the pending motions without prejudice to being refiled no later than fourteen days following the entry of the appellate mandate from the Eleventh Circuit Court of Appeals on this Court's docket. See Tancredi v. Metropolitan Life Ins. Co., 378 F.3d 220, 225-26 (2nd Cir. 2004) (observing that district court's denial of fee petition without prejudice to being renewed after the disposition of the appeal was in accord with the 1993 Advisory Committee notes to Rule 54(d) of the Federal Rules of Civil Procedure).[6]

Accordingly, it is ordered and adjudged as follows:

---

[5] See Tancredi v. Metropolitan Life Ins. Co., 378 F.3d 220, 225 (2nd Cir. 2004).

[6] Those commentary notes provide that "[i]f an appeal on the merits of the case is taken, the court may rule on the claim for fees, may defer its ruling on the motion, or may deny the motion without prejudice, directing under subdivision (d)(2)(B) a new period for filing after the appeal has been resolved."

1) Plaintiff's Motion for Appellate Attorney Fees (Dkt. 58) and Motion for Award of Attorneys' Fees, Paralegal Fees, and Interest on Same (Dkt. 67) are denied without prejudice.

2) Plaintiff shall refile the motions within fourteen (14) days of the entry of the mandate of the Eleventh Circuit Court of Appeals on this Court's docket, assuming she is the prevailing party on the appeal.

**DONE AND ORDERED** at Tampa, Florida, on February 11, 2008.

      s/*Richard A. Lazzara*
**RICHARD A. LAZZARA**
**UNITED STATES DISTRICT JUDGE**

**COPIES FURNISHED TO**:
Counsel of Record